UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DION NORMAN, ET AL. | * | CIVIL ACTION NO. 24-240 |
| | * | |
| VERSUS | * | SECTION: "O"(3) |
| | * | |
| JACQUES WEBSTER, II, ET AL. | * | JUDGE BRANDON S. LONG |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | EVA J. DOSSIER |
| ************************************ | * | |

**ORDER AND REASONS**

Plaintiffs, Dion Norman and Derrick Ordogne, filed a Motion for Leave to Amend Complaint.[1] Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC, erroneously sued as Sony Music Publishing, LLC, and Jacques Webster, II, p/k/a Travis Scott filed an opposition[2] and Plaintiff replied.[3] Having considered the submissions and arguments of counsel, the record, and the applicable law, the Court issues this Order & Reasons granting the Motion for Leave to Amend Complaint.

**I.   Background**

On January 25, 2024, Plaintiffs filed a copyright infringement lawsuit against Defendants, Jacques Webster, II, p/k/a Travis Scott, Leland Wayne, p/k/a Metro Boomin, James Litherland, p/k/a James Blake, Sony Music Publishing, LLC, and

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 33.

[3] Rec. Doc. 34.

1

Sony Music Holdings, Inc. d/b/a Sony Music Entertainment and/or Sony Music.[4] On March 11, 2024, before any appearance of any of the named defendants, Plaintiffs filed their First Amended Complaint.[5] On June 3, 2024, Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC, erroneously sued as Sony Music Publishing, LLC, and Jacques Webster, II, p/k/a Travis Scott (hereinafter "Defendants") filed a Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2) and for Improper Venue Federal Rule of Civil Procedure 12(b)(3) and Alternative Request for Transfer[6] and a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief May Be Granted.[7] Plaintiffs filed responses to the Motions to Dismiss on June 18, 2024,[8] and Defendants filed replies on June 24, 2024.[9]

On June 25, 2024, Plaintiffs filed their Motion for Leave to Amend Complaint seeking leave to file a proposed Second Amended Complaint.[10] According to Plaintiffs' Motion, the proposed Second Amended Complaint addresses allegations within Defendants' Motion to Dismiss by providing more detail abou jurisdiction, venue, and Plaintiff's claimstU.S. Copyright Act.[11] Defendants oppose Plaintiff's Motion for Leave to Amend Complaint arguing that allowing Plaintiffs leave to file a Second

---

[4] Rec. Doc. 1.
[5] Rec. Doc. 10.
[6] Rec. Doc. 19, which is not before this Court.
[7] Rec. Doc. 20, which is not before this Court.
[8] Rec. Doc. 24, Rec. Doc. 25.
[9] Rec. Doc. 26, Rec. Doc. 27.
[10] Rec. Doc. 29.
[11] *Id.* at 1.

Amended Complaint would be futile, and would cause undue delay and undue prejudice.[12] Defendants also briefly argue that Plaintiffs' Motion for Leave is sought for a dilatory purpose as it seeks to postpone a ruling on Defendants' motions to dismiss. No Scheduling Order has been entered, and there is no trial date.

## II. Law and Analysis

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)."[13] Under Rule 15(a)(2), if more than 21 days have passed after service of a 12(b) motion and no Scheduling Order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave."[14] "The court should freely give leave when justice so requires."[15]

The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend."[16] The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend."[17] Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the

---

[12] Rec. Doc. 33 at 2.
[13] Fed. R. Civ. P. 15. Fed. R. Civ. P. 15(a)(1).
[14] Fed. R. Civ. P. 15(a)(2).
[15] *Id.*
[16] *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)(stating that district courts must entertain a presumption in favor of granting parties leave to amend).
[17] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

necessary power of a district court to manage a case."[18] Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[19]

Denial of leave to amend is reviewed for abuse of discretion.[20] "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'"[21]

### A. Undue Delay

The "undue delay" factor recognizes that the time period between when amendment becomes possible and when it is actually sought can be grounds to deny leave to amend.[22] Rule 15(a)(2) does not set forth a specific time frame to seek leave to amend, and delay alone cannot support denial of leave to amend.[23] "The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[24] In determining whether there is undue delay, courts consider the

---

[18] *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).
[19] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).
[20] *Mayeaux*, 376 F.3d at 425.
[21] *Id.* (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir.1999).
[22] *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir.2017).
[23] *Mayeaux*, 376 F.3d at 427.
[24] *Id.* (emphasis in original).

movant's reasons for not amending sooner while "bearing in mind the liberal pleading philosophy of the federal rules."[25]

Plaintiffs filed their First Amended Complaint after serving Defendants Sony Music Entertainment and Sony Music Publishing (US) LLC, erroneously sued as Sony Music Publishing, LLC, but before any defendant had appeared in the case.[26] Plaintiffs filed the Motion for Leave to file a proposed Second Amended Complaint within four weeks of Defendants' motions to dismiss, at an early stage of the case. The proposed Second Amended Complaint does not seek to add any new parties or any new claims.[27] Trial has not been scheduled and there is no Scheduling Order in place yet. There is no basis for finding "undue delay" on Plaintiffs' part.

### B. Undue Prejudice

Prejudice results where leave to amend is sought after discovery has closed, dispositive motions have been briefed or decided, or on the eve of or during trial.[28] Amendments that would require the parties to reopen discovery or require a nonmovant to prepare for a new claim not previously before the court would be

---

[25] *Mullin*, 875 F.3d at 151 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001)).
[26] Rec. Doc. 10.
[27] Rec. Doc. 29.
[28] *Smith*, 393 F.3d at 596 (denying plaintiff's motion for leave to file amended complaint filed on the second to last day of the trial); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018)

prejudicial.[29] Likewise, a party is prejudiced if an amendment is allowed and it would "fundamentally alter the nature of the case."[30]

This lawsuit is in the early stages and discovery is only getting underway. There is no scheduling order, and a discovery deadline has not yet been established. Plaintiffs' proposed Second Amended Complaint does not seek to add any new parties or new claims.[31] The nature of the case would not be fundamentally altered if Plaintiffs filed their Second Amended Complaint. Thus, amendment will not cause any cognizable undue prejudice.

### C. Bad Faith or Dilatory Motive

Bad faith or dilatory motive generally requires a showing that the movant is "engaging in tactical maneuvers to force the court to consider various theories seriatim."[32] The awareness of certain facts and the failure to include them in the initial complaint may give rise to bad faith or dilatory motive, but only when the movant "first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory."[33] When a party is aware of facts supporting specific claims before suing, but waits until the summary judgment stage of the lawsuit to

---

[29] *Smith*, 393 F.3d at 596 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999)).
[30] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (denying a motion for leave to amend where the new claims "would have dramatically altered the subject matter of the suit at a late juncture.")
[31] Rec. Doc. 29.
[32] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir.1981).
[33] *Id.*

seek leave to raise those claims for the first time, the court may properly deny leave to amend for bad faith or dilatory motive.[34]

Plaintiffs are seeking leave to amend to bolster factual allegations about jurisdiction, venue, and their claims under the U.S. Copyright Act.[35] Plaintiffs do not seek to add any new claims, and there is no showing that Plaintiffs' Motion for Leave to Amend tries to present various theories of law as some sort of tactical maneuver. The facts do not support a finding of bad faith or dilatory motive.

### D. Futility

In considering the futility factor, courts should assess whether the amended complaint would survive a Rule 12(b)6) motion.[36] To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, which if accepted as true, state a plausible claim to relief on its face.[37] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[38] Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[39]

---

[34] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir.1993).
[35] Rec. Doc. 29.
[36] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)
[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).
[38] *Id.*
[39] *Id.* at 679.

7

Plaintiffs' proposed Second Amended Complaint does not seek to add any new parties or any new causes of action.[40] In order to address Defendants' argument that granting Plaintiffs' leave to file a Second Amended Complaint would be futile would require this Court to address the very issues raised in Defendants' Motion Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief May Be Granted[41] pending before Judge Long. This Court lacks authority to address substantive issues that have not been referred, however, and those issues are best addressed in the context of resolving the pending substantive motions to dismiss and/or any subsequently filed motions addressing substantive issues.[42]

The Fifth Circuit has noted that the issue of futility is better addressed in the context of a Rule 12(b)(6) motion rather than a Rule 15(a) motion for leave to amend.[43] When there is a pending 12(b)(6) motion, and the plaintiff seeks leave to amend the complaint, allowing the amendment permits plaintiff to plead their best case before a ruling is issued on the motion to dismiss.[44] Allowing leave to amend is the "best exercise of discretion" as it allows plaintiff's claims to be tested under the Rule 12(b)(6) framework after plaintiff has had a chance to plead their best case.[45] This

---

[40] Rec. Doc. 29.
[41] Rec. Doc. 20.
[42] *Tesla, Inc. v. Louisiana Auto. Dealers Ass'n*, No. 22-2982, 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023); *see also City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725-SDD-RLB, 2020 WL 13033205, at *3 (M.D. La. Apr. 20, 2020)
[43] *Id.*; *Tesla, Inc.*, 2023 WL 9059650, at *7; *Medarc, LLC v. Aetna Health Inc.*, 3:20-CV-3646-N-BH, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022)
[44] *Landry v. Dept. of Child and Family Servs. State of Louisiana, et al.*, No. 21-794, 2021 WL 2822344, at *2 (E.D. La. July 7, 2021).
[45] *Tesla, Inc.*, 2023 WL 9059650, at *7; *Phillips v. Whittington*, 17-CV-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018).

also promotes judicial economy by avoiding "the wasteful practice of waiting until after the court has gone to the trouble of ruling on motions to dismiss to ask to amend and cure shortcomings in a complaint."[46] "This is 'the preferred course' of action, even if doing so 'renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave' as it conserves both judicial and party resources to permit amendment and allows the ruling on the motion to dismiss determine the facial validity of the claim."[47]

Whether Plaintiffs' claims will survive Defendants' Rule 12(b)(6) motion is an issue pending before the District Court. Judicial economy dictates that the futility issue be resolved on the merits in the context of the Rule 12 motions. The undersigned expresses no opinion on that issue.

### III. Conclusion

Accordingly, for these reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Rec. Doc. 29) is **GRANTED**. Plaintiffs' proposed Second Amended Complaint[48] shall be entered into the record.

---

[46] *Phillips*, 2018 WL 11310301, at *1.
[47] *Tesla, Inc.*, 2023 WL 9059650, at *7 (citations omitted); *see also id.* at *6 ("Defendants instead argue that they will suffer undue prejudice by being forced to incur additional costs for filing a second motion to dismiss after having fully briefed the initial motion. Such additional costs, while unfortunate, do not constitute undue prejudice.").
[48] Rec. Doc. 29-3.

New Orleans, Louisiana, this 17th day of July, 2024.

                                                  EVA J. DOSSIER
                                   UNITED STATES MAGISTRATE JUDGE