UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DION NORMAN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 24-240 |
| JACQUES WEBSTER, II, ET AL. | SECTION: "O" (3) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' motion (R. Doc. 23) for limited jurisdictional discovery. The discovery motion relates to Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC ("Sony Music Publishing"), and Jacques Webster, II's (collectively, "Defendants") Motion to Dismiss Plaintiffs Dion Norman and Derrick Ordogne's (collectively, "Plaintiffs") Second Amended Complaint for Lack of Personal Jurisdiction and Improper Venue (R. Doc. 37), which has been referred to the undersigned for a Report and Recommendation. After considering the arguments of counsel and authorities cited relative to both motions, the undersigned concludes limited jurisdictional discovery is necessary to resolve the motion to dismiss. Plaintiffs' proposed discovery requests, however, are disproportionate to the needs of the case at this stage.  The motion (R. Doc. 23) is thus granted in part and denied in part as set forth below.[1]

---

[1] For clarity of procedural posture, a separate Report and Recommendation will issue relative to the Motion to Dismiss (R. Doc. 37).

1

## I. Background

Plaintiffs sued Jacques Webster, II, who performs under the name "Travis Scott," and his music distributors for copyright infringement. According to Plaintiffs, "a plethora of R&B and Rap/Hip-Hop artists have either sampled or interpolated" Plaintiffs' music to create derivative works.[2] But Plaintiffs maintain that Defendants used that work without authorization in two of Webster's songs: "Til Further Notice" (on the album *Utopia*) and "Stargazing" (on the album *Astroworld*).[3] Plaintiffs allege that Defendants distributed this music online and in brick-and-mortar stores in Louisiana.[4] Plaintiffs allege that Defendants violated Plaintiffs' exclusive rights to reproduce the copyrighted work, prepare derivative works, display the work publicly, and distribute copies of the work.[5] Plaintiffs seek discovery, including depositions, relative to broad categories of information, including any music marketed by Defendants in Louisiana.

## II. Standard of Law

Plaintiffs rely solely on a theory of specific personal jurisdiction. "Specific jurisdiction 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting

---

[2] R. Doc. 36, ¶ 20.
[3] *Id.* ¶¶ 13-18.
[4] *Id.* ¶¶ 23-24.
[5] *Id.* ¶ 36. Although Plaintiffs maintain that Webster's public performance of the work is relevant to personal jurisdiction, their lawsuit is not premised on the exclusive performance right set forth in 17 U.S.C. § 106(4). Similarly, although Plaintiffs seek discovery relative to radio transmissions, Plaintiffs have not invoked the exclusive right of performance by digital audio transmission set forth in 17 U.S.C. § 106(6).

*Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Exercising personal jurisdiction must be consistent with a State's long-arm statute and the Constitution. When, as in Louisiana, a State's long-arm statute is co-extensive with the limits of the Due Process Clause of the 14th Amendment, only the constitutional question remains.

Determining whether the exercise of specific personal jurisdiction is constitutional requires a three-step approach.

> [Courts] consider "(1) whether the defendant has minimum contacts with the forum [S]tate, i.e., whether it purposely directed its activities toward the forum [S]tate or purposefully availed itself of the privileges of conducting activities there." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Then we analyze "(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Ibid.* Finally, we ask "(3) whether the exercise of personal jurisdiction is fair and reasonable." *Ibid.* It's the plaintiff's burden to establish the first two prongs. *See E. Concrete Materials*, 948 F.3d at 296.

*Id.* at 895–96. "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery" of jurisdictional facts. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).

III. Analysis

Plaintiffs' lawsuit superficially resembles others in this District that have been dismissed for lack of personal jurisdiction without the need for discovery. The other cases, however, involved alleged infringement in which the defendants only made music available online to the public, including citizens of Louisiana. *See Paynes v.*

3

*Woods,* No. CV 23-01308, 2024 WL 894901, at *3 (E.D. La. Mar. 1, 2024), *appeal dismissed,* No. CV 24-30148, 2024 WL 4119913 (5th Cir. June 20, 2024); *Fernandez v. Jagger*, No. CV 23-891, 2023 WL 6880431, at *4 (E.D. La. Oct. 18, 2023), *affirmed Fernandez v. Jagger*, No. CV 23-30909, 2024 WL 3717264 (5th Cir. Aug. 8, 2024). There was no need for discovery in those cases because the law is clear. "[M]erely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create 'minimum contacts' necessary to establish personal jurisdiction in the forum state.'" *Fernandez*, 2024 WL 3717264, at *3 (quoting *Admar Int'l, Inc. v. Eastrock*, L.L.C., 18 F.4th 783, 785 (5th Cir. 2021)).

Plaintiffs concede that if their "allegations were limited to the fact that Defendants' website is accessible in Louisiana," controlling precedent "would compel the conclusion that specific jurisdiction is lacking."[6] Plaintiffs maintain that their lawsuit is different because "Defendants have conceded that the infringing works have been sold in Louisiana at brick and mortar st[ores] such as Target and BestBuy . . . ."[7] Thus, Plaintiffs suggest that this case is squarely within precedent such as *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 473 (5th Cir. 2006), which authorizes personal jurisdiction in certain circumstances under a stream-of-commerce theory. The record is not sufficiently developed to address this argument.

Limited discovery is necessary, but, Plaintiffs' proposed categories of discovery go too far. By seeking information about virtually all contacts with Louisiana,

---

[6] R. Doc. 40 at 5.
[7] *Id.* at 6.

4

including those that do not relate to the alleged infringement, Plaintiffs ignore jurisprudence such as *Ham v. La Cienega Music Co.*, 4 F.3d 413 (5th Cir. 1993), and conflate specific and general jurisdiction. Similarly, Plaintiffs have not met their burden of demonstrating that depositions are necessary. Plaintiffs have, however, demonstrated that limited written discovery is necessary to determine whether this case is analogous to *Luv N' Care*, 438 F.3d 465. This information is relevant to whether personal jurisdiction exists over Defendants, as well as to Defendants' alternative argument that venue is improper in this District.

Sony Music Entertainment acknowledges that it sold 67 physical units of *Astroworld* and 106 physical units of *Utopia* to certain specific retail locations in Louisiana (e.g., a Target store), which resulted in relatively small sales numbers.[8] Sony Music Entertainment also asserts, however, that it "typically distributes and sells record albums through wholesale distributors who in turn distribute the albums to retail stores nationwide."[9] It is unclear whether Sony Music Entertainment distributed additional units of *Astroworld* and *Utopia* in Louisiana through this indirect mechanism. *See id.* at 471 (observing that "jurisdiction may attach both to manufacturers who supply their own delivery systems and to those that make use of the distribution systems of third parties").

And, assuming indirect sales occurred, it is also unclear whether Sony Music Entertainment knew or could have foreseen that the units would be sold in Louisiana.

---

[8] R. Doc. 37-1 at 12; 37-4, ¶ 16.
[9] R. Doc. 37-1, at 11; 37-4, ¶ 14.

Information about indirect sales of physical units, including whether the sales were foreseeable, is relevant to the analysis of personal jurisdiction.[10] *Id.* (exercising personal jurisdiction when the defendant filled purchase orders from Wal-Mart and other vendors, which would then sell the items in Louisiana).

Plaintiffs thus are entitled to discovery relative to: (1) whether Sony Music Entertainment's use of wholesale distributors resulted in the sale (or offering for sale) in Louisiana of physical units of *Astroworld* and *Utopia* beyond those described in the affidavit; (2) whether Sony Music Entertainment knew or could have foreseen that those physical units were being directed to Louisiana; and (3) the specific locations at which those physical units were sold. While most of this information may be produced by affidavit, any contracts, invoices, or orders that relate to the physical distribution of units of *Astroworld* or *Utopia* and reference Louisiana must be produced. *See id.* ("It is eminently foreseeable that Insta-Mix's products would reach the market indicated on the company's invoices.").

The need for discovery from Sony Music Publishing is more limited. Sony Music Publishing asserts that it did not "negotiate[] or enter[] into any licenses for exploitation of" "Til Further Notice" or "Stargazing" from Louisiana.[11] And Sony Music Publishing did not sell any physical units of the allegedly infringing work in Louisiana. But it is unclear whether Sony Music Publishing licensed the allegedly

---

[10] R. Doc. 42 at 5. Information about the locations at which the physical units were sold is also relevant to Defendants' venue argument.
[11] R. Doc. 37-5, ¶ 11.

infringing songs to Sony Music Entertainment, which then distributed physical units of the works in Louisiana.[12] The relationship (or lack thereof) between these entities is not part of this record. *Cf. Moon v. Williams*, No. CV 23-4193, 2024 WL 4039985, at *3-6 (N.D. Ga. Apr. 2, 2024) (considering affidavit distinguishing between Sony Music Entertainment and Sony Music Publishing and dismissing for lack of personal jurisdiction). Plaintiffs are entitled to discovery from Sony Music Entertainment as to: (1) the relationship between Sony Music Entertainment and Sony Music Publishing; (2) whether Sony Music Publishing provided the license(s) for *Astroworld* and *Utopia* underlying any distribution of physical units in Louisiana; and (3) whether Sony Music Publishing knew or could have foreseen that its licensing activity would result in the sale of physical units in Louisiana. While most of this information may be produced by affidavit, any contracts, invoices, or orders that relate to the physical distribution of units of *Astroworld* or *Utopia* and reference Louisiana must be produced.

The need for discovery from Webster is even narrower. Webster performed a limited number of concerts in Louisiana. Although performances are not the basis for this lawsuit, they remain relevant insofar as the infringing work was marketed or

---

[12] R. Doc. 37-5, ¶ 7. Sony Music Publishing avers that it has not "specifically directed any of its licensing activity in connection" with these songs "towards Louisiana or to any Louisiana entities or Louisiana residents." *Id.* ¶ 12. But assessing personal jurisdiction under the allegations in this case requires a more detailed factual analysis. *See Luv N' Care*, 438 F.3d at 471 ("Insta–Mix claims that its employees had no actual knowledge of the intended destination of its goods until it consulted the EDI system in preparation for this litigation. This claim is implausible and could not defeat jurisdiction even if true.").

7

sold at the concerts. Plaintiffs thus are entitled to discovery about the number (if any) of physical units of *Astroworld* or *Utopia* that were made available for sale or sold at each of Webster's concerts in Louisiana. This information may be provided by affidavit.

### IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the motion (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants are to provide the discovery described above on or before **April 28, 2025.**

New Orleans, Louisiana, this 26th day of February, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE