# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DION NORMAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-240** |
| **JACQUES WEBSTER, II, ET AL.** | **SECTION "O"** |

## ORDER

Before the Court are the objections[1] filed by Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC, and Jacques Webster, II ("Defendants"), pursuant to Federal Rule of Civil Procedure 72(a), to U.S. Magistrate Judge Dossier's Order[2] granting in part and denying in part Plaintiffs' motion[3] for leave to conduct limited jurisdictional discovery. Also before the Court are Defendants' objections,[4] pursuant to Federal Rule of Civil Procedure 72(b), to Magistrate Judge Dossier's Report and Recommendation[5] recommending that Defendants' motion[6] to dismiss the Second Amended Complaint for lack of personal

---

[1] ECF No. 52.

[2] ECF No. 49.

[3] ECF No. 23. Fed. R. Civ. P. Rule 72(a) applies to this Court's review of this motion because the motion for discovery is "a pretrial matter not dispositive of a party's claim or defense." A party may object to a magistrate judge's order on a non-dispositive motion within 14 days after being served with a copy. *Id*. A district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.; *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (explaining that the court reviews the magistrate judge's factual findings under a clearly erroneous standard and legal conclusions under a *de novo* standard).

[4] ECF No. 52. The Court notes that Defendants combined their objections to the Order and to the Report and Recommendation into a single filing.

[5] ECF No. 50.

[6] ECF No. 37. Fed. R. Civ. P. Rule 72(b) applies to the motion to dismiss because it is a "pretrial matter[] dispositive of a claim or defense." Under Rule 72(b)(3) governing the Magistrate Judge's Recommendations, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) ("[R]ulings by a magistrate judge on

jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3) be denied without prejudice to Defendants' right to re-urge their motion after the limited jurisdictional discovery is complete.

The Court has conducted a *de novo*[7] review of Plaintiffs' motion for jurisdictional discovery, Defendants' motion to dismiss, the responses to those motions, the Magistrate Judge's Order, the Magistrate Judge's Report and Recommendation, Defendants' objections to the Order, Defendants' objections to the Report and Recommendation, the record, and the applicable law. After a thorough review, the Court concludes that the Order should be affirmed and the Report and Recommendation should be adopted because Defendants' objections to the Order and Defendants' objections to the Report and Recommendation are without merit. The Court hereby (1) affirms the Order; and (2) approves the Report and Recommendation and adopts it as its opinion in this matter.

Accordingly,

**IT IS ORDERED** that Defendants' objections[8] to Magistrate Judge Dossier's Order granting in part and denying in part Plaintiffs' motion for limited

---

dispositive matters . . . are mere recommendations subject to *de novo* review when properly challenged by the losing party.").

[7] Although Judge Dossier's Order granting in part and denying in part Plaintiffs' motion for leave to conduct limited jurisdictional discovery (ECF No. 49) is subject to Fed. R. Civ. P. Rule 72(a), for efficiency and thoroughness the Court chose to conduct a *de novo* review of that Order as well as of the Report and Recommendation.

[8] ECF No. 37.

jurisdictional discovery are **OVERRULED**; the Order[9] is **AFFIRMED**. Defendants shall provide the required discovery on or before **February 9, 2026.**

**IT IS FURTHER ORDERED** that Defendants' objections[10] to the Magistrate Judge's Report and Recommendation are **OVERRULED.** The Magistrate Judge's Report and Recommendation[11] is **ADOPTED.** Plaintiffs' motion[12] to dismiss for lack of personal jurisdiction and improper venue is therefore **DENIED WITHOUT PREJUDICE** to Defendants' right to re-urge their motion after the limited jurisdictional discovery is complete in accordance with the adopted Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendants' motion[13] for leave to file notice of supplemental authority in support of Defendants' Rule 12(b)(2) motion to dismiss is **DENIED**.

New Orleans, Louisiana, this 4th day of December, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] ECF No. 49.
[10] ECF No. 52.
[11] ECF No. 50.
[12] ECF No. 37.
[13] ECF No. 62.