**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DION NORMAN and DERRICK ORDOGNE, Plaintiffs,**<br><br>**v.**<br><br>**JACQUES WEBSTER, II, professionally known as TRAVIS SCOTT, et al., Defendants** | **CIVIL ACTION NO: 24-240**<br><br>**SECTION "O" DIVISION "5"**<br><br>**JUDGE: BRANDON LONG**<br><br>**MAGISTRATE JUDGE: EVA J. DOSSIER** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF RE-URGED RULE 12(b)(6) MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants Sony Music Entertainment ("SME"), Sony Music Publishing (US) LLC, ("SMP"), and Jacques Webster, II, professionally known as Travis Scott ("Webster") (collectively, "Defendants"), respectfully submit this memorandum in support of their Re-urged Motion to Dismiss the Second Amended Complaint ("SAC")[1] filed by Dion Norman and Derrick Ordogne (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[2] The SAC fails to remedy the deficiencies in Plaintiffs' First Amended Complaint ("FAC")[3] and, thus, the Court should dismiss the SAC.

## INTRODUCTION

Plaintiffs' SAC asserts the untenable claim that Defendants infringed their copyright in a 1992 song by manipulating and inserting a phrase it describes variously as "Alright, Alright, Alright" or "Alright, Alright, Alright, Alright, Alright" into two allegedly infringing works.

[1] Rec. Doc. 36 (SAC).

[2] Defendants have contemporaneously re-urged their motion to dismiss the SAC pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue.

[3] Rec. Doc. 10 (FAC).

Plaintiffs' claims for direct copyright infringement should be dismissed for failure to state a claim because: (1) Plaintiffs fail to show ownership of a valid copyright; (2) the word "alright" and the short phrases "alright, alright, alright" and "alright, alright, alright, alright, alright" are not copyrightable, both because they are too short and because they are too commonplace and thus lack originality; (3) the SAC fails to allege facts to plausibly show a required element of a copyright infringement claim—substantial similarity; in the alternative, (4) Plaintiffs cannot recover statutory damages or attorneys' fees under the Copyright Act; (5) Plaintiffs cannot recover both actual and statutory damages; and (6) the claim against Defendants' song "Stargazing" is time-barred by the statute of limitations. Furthermore, Plaintiffs' failure to state a claim for direct copyright infringement means that they are not entitled to injunctive relief and also means that they cannot state a claim for vicarious or contributory copyright infringement.

For these reasons, the Court should dismiss the SAC in its entirety, with prejudice, or in the alternative, the Court should dismiss Plaintiffs' copyright infringement claim for "Stargazing" and should dismiss Plaintiffs' claims for statutory damages and attorneys' fees.

## FACTUAL BACKGROUND

Defendant Webster is a songwriter, producer, and recording artist.[4] Defendant SMP, a music publisher, collects music royalties from the publication of musical works by Webster.[5] Defendant SME markets, sells, licenses, and distributes sound recordings created by Webster.[6]

---

[4] Rec. Doc. 36, at 3 (SAC, ¶ 8). Solely for the purposes of this Motion, Defendants accept the factual allegations of the SAC as true.

[5] Rec. Doc. 36, at 4 (SAC, ¶ 11).

[6] Rec. Doc. 36, at 4 (SAC, ¶ 12).

Plaintiffs filed a Complaint for Copyright Infringement on January 25, 2024[7] and a FAC on March 11, 2024.[8] After Defendants' motions to dismiss the FAC were briefed,[9] Plaintiffs received leave to file the SAC.[10] Defendants then simultaneously moved to dismiss under Rule 12(b)(6)[11] and 12(b)(2) & (3) for lack of personal jurisdiction and improper venue.[12] The Court denied both motions without prejudice to re-urge them after limited jurisdictional discovery is complete.[13] On February 9, 2026, Defendants produced the limited jurisdictional discovery. With that discovery complete, Defendants re-urge this Rule 12(b)(6) Motion to Dismiss.

Plaintiffs allege that, in 1991, they used a demo recording they had previously "composed, arranged, wrote and recorded," which was then used "to author, compose, record and mix and arrange the sound recording and musical composition entitled . . . 'Bitches Reply.'"[14] Plaintiffs further allege that the U.S. Copyright Office issued registration certificate, "SR0000863597" (the "Alleged Registration").[15] But Plaintiffs fail to acknowledge that they did not obtain their copyright registration for the sound recording of "Bitches Reply" until January 31, 2020.[16] Moreover, a non-party entity, SOH Distributers Network, registered a copyright for the album *It's*

[7] Rec. Doc. 1 (Original Complaint).

[8] Rec. Doc. 10 (FAC).

[9] Rec. Doc. 19 (Defendants' Rule 12(b)(2) and Rule 12(b)(3) Motion to Dismiss FAC); Rec. Doc. 20 (Defendants' Rule 12(b)(6) Motion to Dismiss FAC).

[10] Rec. Doc. 29 (Plaintiffs' Motion for Leave to File Amended Complaint); Rec. Doc. 35 (Order Granting Leave to File Amended Complaint).

[11] Rec. Doc. 38 (Defendants' Rule 12(b)(6) Motion to Dismiss SAC)

[12] Rec. Doc. 37 (Defendants' Rule 12(b)(2) and 12(b)(3) Motion to Dismiss SAC).

[13] Rec. Doc. 65, at 3 (Order affirming Magistrate Judge's Jurisdiction Discovery Order (Rec. Doc. 49), and adopting Magistrate Judge's Order on Defendants' Rule 12(b)(2) and 12(b)(3) Motion to Dismiss SAC (Rec. Doc. 50)); Rec. Doc. 66 (Order denying without prejudice Defendants' Rule 12(b)(6) Motion to Dismiss SAC).

[14] Rec. Doc. 36, at 6 (SAC, ¶¶ 16–17).

[15] Rec. Doc. 36, at 9–10 (SAC, ¶ 22).

[16] *See* Rec. Doc 38-2 (Copyright Registration of "Bitches Reply," SR0000863597). In ruling on a Rule 12(b)(6) motion, a "court may take into account documents . . . integral to the claim, items subject to judicial notice, [and] matters of public record." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013). Here, the Court may consider the Alleged Registration, along with the other pertinent registrations, as being integral to Plaintiffs' claims, a matter of public record, and entitled to judicial notice. *Hartmann v. Google LLC*, 2022 WL 684137, at *1 (S.D.N.Y. Mar. 8, 2022) (court may consider copyright registrations at "motion to dismiss stage because copyright registrations are public records susceptible to judicial notice").

*Jimi / DJ Jimi*, containing "Bitches (Reply)," SR0000148207, as an "employer for hire," with an effective date of November 20, 1992.[17]

The SAC alleges two counts of copyright infringement. Plaintiffs' first claim alleges direct, contributory and vicarious copyright infringement by the song "Til Further Notice," which is on Webster's album *Utopia*.[18] The second claim alleges direct, contributory, and vicarious copyright infringement by the song "Stargazing," which is on Webster's album *Astroworld*.[19] The SAC alleges that SME released and distributed "Stargazing" on August 3, 2018,[20] and "Til Further Notice" on July 28, 2023.[21]

It is apparent that Plaintiffs filed their Complaint more than five years after "Stargazing" was released. It further is apparent that Plaintiffs did not obtain the Alleged Registration for "Bitches Reply" until over a year after "Stargazing" was released.

For their claim as to "Stargazing," Plaintiffs allege:

> Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing work[], "Stargazing." The infringing work[], "Stargazing," misappropriates key protected elements of "Bitches Reply," to create an unauthorized derivative work. The infringing work samples and interpolates a portion of "Bitches Reply" to create "Stargazing" **More specifically, the Defendant[] Webster sampled the lyrics, "Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright. 'Cuz I'm bitchy, the bitchy, bitchy…the bitchy, bitchy you love to hate," found at the 0:01 mark of "Bitches Reply" and manipulated its tone and pitch and inserted the manipulated "Alright, Alright, Alright" in the infringing work at the 3:46 minute mark** and repeats the same throughout.[22]

---

[17] *See* Rec. Doc. 38-3 (SOH Distributers Network's Copyright Registration for the *It's Jimi / DJ Jimi* Album, SR0000148207).

[18] Rec. Doc. 36, at 10–12, 13–16 (SAC, ¶¶ 23–27, 34–45). This count also names defendants Leland Wayne p/k/a Metro Boomin, and James Litherland p/k/a James Blake. Plaintiffs have not attempted to serve these defendants.

[19] Rec. Doc. 36, at 12–13, 16–18 (SAC, ¶¶ 29–31, 46–57). The SAC mislabels the album as "Astro World." Rec. Doc. 36, at 12 (SAC, ¶ 29).

[20] Rec. Doc. 36, at 12 (SAC, ¶ 29).

[21] Rec. Doc. 36, at 10 (SAC, ¶ 23).

[22] Rec. Doc. 36, at 17 (SAC, ¶ 50 (emphasis added)).

Plaintiffs' allegations concerning "Til Further Notice" are almost identical:

> Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Til Further Notice." The infringing work[], "Til Further Notice," misappropriates key protected elements of "Bitches Reply," to create an unauthorized derivative work. The infringing work samples, or lifts, and interpolates a portion of "Bitches Reply" to create "Til Further Notice" **More specifically, Defendants Webster, Wayne and Leitherland lifted a portion of "Bitches Reply" from the 0:01-0:16 that contains the lyrics, "Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright. 'Cuz I'm bitchy, the bitchy, bitchy…the bitchy, bitchy you love to hate" and manipulated its tone and pitch and inserted the manipulated sample "Alright…Alright…Alright…Alright…Alright" in the infringing work at the 0:19, 0:47, 1:10, 1:33, 2:10, and 2:35 minute mark** and repeats the same throughout.[23]

Thus, Plaintiffs' specific allegations of copyright infringement are that Defendants sampled the lyrics "Alright, Alright, Alright," or the lyrics "Alright . . . Alright . . . Alright . . . Alright . . . Alright," from "Bitches Reply," changed their "tone and pitch," and included the altered lyrics in the allegedly infringing works, "Stargazing" and "Til Further Notice."

But the phrases "Alright, Alright, Alright," and "Alright . . . Alright . . . Alright . . . Alright . . . Alright," do not appear in "Bitches Reply." Rather, "Bitches Reply" begins with DJ Jimi shouting "Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright," *i.e.*, the word "Alright" is repeated ten times, not three times or five times.[24] And the phrase that does appear in "Bitches Reply"—"Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright" (repeated ten times)—does not appear in "Til Further Notice" or "Stargazing.[25]

---

[23] Rec. Doc. 36, at 11 (SAC, ¶ 26 (emphasis added)).

[24] *See* Rec. Doc. 38-4 ("Bitches Reply" audio file).

[25] The Court may consider the works at issue on this motion to dismiss because they are integral to the claim. *Compare* Rec. Doc. 38-4 ("Bitches Reply" audio file), *with* Rec. Doc. 38-5 ("Stargazing" audio file), *and with* Rec. Doc. 38-6 ("Til Further Notice" audio file). A USB drive containing these three exhibits has already been manually filed with the previous motion to dismiss the SAC. Rec. Doc. 38-4; Rec. Doc. 38-5; Rec. Doc. 38-6. The songs are also publicly accessible on YouTube. *See* DJ Jimi, "Bitches Reply," https://www.youtube.com/watch?v=evzIQhgJzEk (last visited January 19, 2026); Travis Scott, "Til Further Notice,

The SAC seeks to recover actual damages and Defendants' profits, ***and*** statutory damages and attorney's fees under 17 U.S.C. § 504.[26]

Below is the chronology alleged in the SAC and from U.S. Copyright Office records:

| | |
|---|---|
| 1991 | Plaintiffs allegedly compose and record "Bitches Reply."[27] |
| 1992 | "Bitches Reply" is released on DJ Jimi's album, *It Jimi*.[28] |
| November 20, 1992 | Effective date of copyright registration of *It's Jimi / DJ Jimi* album.[29] |
| August 3, 2018 | "Stargazing" is released on the *Astroworld* album.[30] |
| January 31, 2020 | Plaintiffs' alleged copyright registration of "Bitches Reply."[31] |
| July 28, 2023 | "Til Further Notice" is released on the *Utopia* album.[32] |
| January 25, 2024 | Plaintiffs file Complaint for Copyright Infringement.[33] |

**LEGAL STANDARD**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

---

https://www.youtube.com/watch?v=-56P0CX9Hqs (last visited January 19, 2026); Travis Scott, "Stargazing," https://www.youtube.com/watch?v=2a8PgqWrc_4 (last visited January 19, 2026).

[26] Rec. Doc. 36, at 1, 15, 18 (SAC, ¶¶ 1, 39, 54 (damages)); Rec. Doc. 36, at 16, 18 (SAC, ¶¶ 45, 56 (attorneys' fees, Prayer)).

[27] *See* Rec. Doc. 36, at 6 (SAC, ¶ 17).

[28] *See* Rec. Doc. 36, at 7 (SAC, ¶ 19).

[29] *See* Rec. Doc. 38-3 (SOH Distributers Network's Copyright Registration for the *It's Jimi / DJ Jimi* Album, SR0000148207, listing SOH Distributors Network as the owner).

[30] Rec. Doc. 36, at 12 (SAC, ¶ 29).

[31] *See* Rec. Doc 38-2 (Alleged Registration).

[32] Rec. Doc. 36, at 10 (SAC, ¶ 23).

[33] Rec. Doc. 1 (Original Complaint).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Body by Cook*, 869 F.3d at 385 (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court does not need to accept as true "a legal conclusion couched as a factual allegation," and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation modified).

When considering a Rule 12(b)(6) motion, the Court may review documents or materials referenced in, material to, and central to a claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants highlight the following exhibits already in the record: Rec. Doc. 38-2, the Alleged Registration of "Bitches Reply" filed by Plaintiffs in 2020; Rec. Doc. 38-3, the 1992 copyright registration for "Bitches (Reply)" filed by SOH Distributors Network; and Rec. Docs. 38-4, 38-5, and 38-6, audio files of "Bitches Reply," "Til Further Notice," and "Stargazing."

Particularly in copyright cases, the Fifth Circuit has held that "the works at issue in copyright disputes are 'central' to the plaintiff's claim and therefore may be considered" on a motion to dismiss. *Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 823 (5th Cir. 2017) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). And in fact "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation modified).

To prevail on a copyright infringement claim, a plaintiff must demonstrate (1) copyright ownership, (2) factual copying, and (3) substantial similarity between the works in question. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). Specifically, a plaintiff must prove defendants had access to the allegedly infringed work unless the works are strikingly similar. *Id.* The songs

in this case are clearly not strikingly similar, and Plaintiffs have not plausibly pled ownership of a valid copyright. More importantly, the phrase or phrases in dispute are not copyrightable. Accordingly, Plaintiffs have not sufficiently pled these required elements of a copyright infringement claim and their suit should be dismissed, with prejudice.

## ARGUMENT

### I. The Court should dismiss the SAC for failure to show ownership of a valid copyright.

The Court should dismiss the SAC because Plaintiffs fail to prove ownership of a valid copyright. Copyright ownership is a prerequisite to a valid copyright infringement claim. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010) (to "establish a claim for copyright infringement, a plaintiff must prove" initially that "he owns a valid copyright") (citation omitted). But the SAC does not plausibly allege facts demonstrating Plaintiffs own a valid copyright in the allegedly infringed work, "Bitches' Reply."

#### A. Plaintiffs fail to plausibly allege copyright ownership because their lyrics are not copyrightable.

Although musical works are generally protected by copyright, this protection does not necessarily extend to short, commonly used phrases found within a song's lyrics. To state a claim for copyright infringement, a plaintiff must show not only ownership of a valid copyright, but also that the defendant "copied constituent elements of the plaintiff's work that are original and copyrightable." *Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). The mere fact that a work is "copyrighted does not mean that all aspects of those materials are automatically protected." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 533 (5th Cir. 1994).

The "*sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Under copyright law, "original" means the work "possesses at least some minimal degree of creativity." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Although a song "itself may be original and subject to copyright, it may contain constituent elements that are not subject to copyright because they are not original or because they are otherwise unprotectable." *Batiste v. Najm*, 28 F. Supp. 3d 595, 600 (E.D. La. 2014) (Engelhardt, J.). In other words, "the copyright does not extend to the non-original elements of the work, and the author has no right to prevent others from copying those elements that are not original." *Id.*

The only alleged copyright infringement here is the alleged copying of the word "alright" a few times in the allegedly infringing works. But the single word "alright" and the short phrases repeating "alright" lack even the "minimal creativity required for copyright protection," both because these lyrics are too short and because they are commonplace, or stock, expressions.

**1. Because the lyric "Cuz I'm the bitchy, the bitchy . . . you love to hate" does not appear in Defendants' works, it is not relevant to Plaintiffs' claims.**

Plaintiffs' FAC expressly alleged that "Til Further Notice" and "Stargazing" infringed Plaintiffs' work because they each "sampled the lyrics, 'Alright, Alright, Alright,'" from "Bitches Reply," manipulated its tone and pitch, and inserted that manipulated phrase into "Til Further Notice" and "Stargazing" at various specified time-stamps.[34] While the repeated word "alright" does appear in all three works, Defendants demonstrate below that the word "alright" and the repeated use of "alright" are not copyrightable because they are too short, stock phrases, or commonplace expressions lacking the required level of creativity for copyright protection.

[34] *See* Rec. Doc. 10, at 7–8 (FAC ¶¶ 18, 23).

In a transparent attempt to avoid dismissal for lack of creativity, Plaintiffs in the SAC now misleadingly allege that, in "Til Further Notice" and "Stargazing," Defendants "sampled the lyrics, 'Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright, Alright. 'Cuz I'm bitchy, the bitchy, bitchy…the bitchy, bitchy you love to hate,' found at the 0:01 mark of 'Bitches Reply' and manipulated its tone and pitch."[35] But Plaintiffs allege that Defendants inserted only the lyrics "Alright, Alright, Alright" in "Stargazing" and only the lyrics "Alright . . . Alright . . . Alright . . . Alright . . . Alright" in "Til Further Notice."[36] That is, Plaintiffs do not allege that Defendants included Plaintiffs' lyrics "'Cuz I'm bitchy, the bitchy, bitchy…the bitchy, bitchy you love to hate,'" in either "Stargazing" or "Til Further Notice."

Moreover, although "Til Further Notice" and "Stargazing" each contain the word "alright" repeated three times—not ten—neither song contains the lyric "cuz I'm bitchy, the bitchy . . . you love to hate." That phrase appears nowhere in either composition.[37] Plaintiffs cannot undermine Defendants' originality argument regarding the actual expressions in "Til Further Notice" and "Stargazing"—namely, the word "alright" and the phrase "Alright, Alright, Alright"—by relying on an entirely different phrase that does not appear in the works at issue.

**2. The word "alright" and lyrics repeating "alright" a few times are too short to be protected by copyright.**

The phrase at issue in Plaintiffs' song is not original and thus not copyrightable. Plaintiffs have no copyright rights in the single word "alright" or the phrases repeating "alright" a few times, be that three or five times. Courts repeatedly hold "that it is 'inconceivable that anyone could copyright a single word or a commonly used short phrase, in any language.'" *Williams v.*

[35] *See* Rec. Doc. 36, at 15 (SAC, ¶ 38).

[36] *See* Rec. Doc. 36, at 15 (SAC, ¶ 38 (alleging that "Alright . . . Alright . . . Alright . . . Alright . . . Alright" was inserted in "Til Further Notice")); Rec. Doc. 36, at 17 (SAC, ¶ 50 (alleging that "Alright, Alright, Alright" was inserted in "Stargazing")).

[37] Rec. Doc. 38-5 ("Stargazing" audio file); Rec. Doc. 38-6 ("Til Further Notice" audio file).

*Warner/Chappell Music*, 2007 WL 9751921, at *2 (C.D. Cal. Sept. 26, 2007) (quoting *Signo Trading Int'l Ltd. v. Gordon*, 535 F. Supp. 362, 365 (N.D. Cal. 1981)). It is "axiomatic" that copyright law does not protect "fragmentary words and phrases" because "these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection." *CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1519 (1st Cir. 1996); *see also Taylor v. IBM*, 54 F. App'x 794, 2002 WL 31845220, at *1 (5th Cir. 2002) (per curiam) ("The Copyright Act does not protect fragmentary words or short phrases[.]"); *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992) ("single words or short phrases . . . do not exhibit the minimal creativity required for copyright protection"); *Advanta-STAR Auto. Rsch. Corp. of Am. v. DealerCMO, Inc.*, 2022 WL 179466, at *5 (E.D. La. Jan. 20, 2022) ("single words and short phrases are not entitled to protection") (citing *Batiste*, 28 F. Supp. 3d at 613).

Therefore, the alleged use or copying of the single word "alright" or the short phrases repeating "alright" a few times cannot, and does not, state a copyright infringement claim.

**3. The word "alright" and phrases repeating "alright" a number of times are stock, or commonplace, expressions that are not protected by copyright.**

The Copyright Act does not protect "stock" expressions. *Eng'g Dynamics*, 26 F.3d at 1344. That is, "common expressions and phrases are not entitled to protection for they do not satisfy the originality requirement." *Batiste*, 28 F. Supp. 3d at 613; *see also Innovation Ventures, LLC v. N2G Distrib., Inc.*, 635 F. Supp. 2d 632, 639 (E.D. Mich. 2008) ("if the expression is a standard phrase or stock expression, the expression is not copyrightable").

In *Batiste*, Judge Engelhardt held the phrases "I can't get enough," "Win, win, win, at all cost," and "raise your hands in the air" were common, everyday expressions that did not satisfy the originality requirement. 28 F. Supp. 3d at 615; *see also, e.g., Emanation Inc. v. Zomba Recording Inc.*, 72 F. App'x 187, 190 (5th Cir. 2003) (Cajun phrases "We Gon Pass a Good Time,

Yeah, Cher" and "You Gotta Suck Da Head of Dem Der Crawfish" do not satisfy originality); *Johnson v. Gordon*, 409 F.3d 12, 23–24 (1st Cir. 2005) (the lyric "You're the one for me" was "too trite to warrant copyright protection"); *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 26 (D.D.C. 2010) (use of short phrase "so high" too clichéd to be actionable copyright infringement); *Merrill v. Paramount Pictures Corp.*, No. 05-1150, 2005 WL 3955653, at *13 (C.D. Cal. Dec. 19, 2005) ("stop it" and "let's go" "are short, stock phrases which are not protectable").

Similarly, here, repetition of the word "alright," no matter how many times it is repeated, is simply too "common," "everyday," "trite," and "cliched" to be protectable by copyright. The word "alright" and the phrases repeating "alright" a number of times do not satisfy the originality requirement, as they do not possess "at least some minimal degree of creativity."[38]

Because the word "alright" and the phrases repeating "alright" a number of times are too commonplace to be copyrightable, the Court should dismiss the SAC for failure to state a claim.

**B. Plaintiffs' untimely alleged copyright registration does not give Plaintiffs a presumption of copyright validity.**

According to the SAC, "Bitches Reply" was released as part of the artist DJ Jimi's album, *It's Jimi*, in 1992.[39] Accordingly, on November 20, 1992, SOH Distributors Network filed a copyright registration as the "employer [work] for hire" for the sound recording titled *It's Jimi* /

---

[38] Indeed, the Court can take judicial notice of the following illustrative examples of musical works released prior to the 1992 release of "Bitches Reply" which show that the phrase "Alright, Alright, Alright" is a stock expression not subject to copyright protection:

- The Beatles – Revolution 1 (1968), at 3:45 mark, https://www.youtube.com/watch?v=OmsXsIv2Ppw.
- The Doors (Jim Morrison) (1970) – between songs, Strange Nights of Stone album (Live in Boston), https://www.youtube.com/watch?v=XU9rx4bWX3.
- Elton John – Saturday Night's Alright (1973), at 3:10 mark, https://www.youtube.com/watch?v=AhnZEmnuzgM.
- Mungo Jerry – Alright, Alright, Alright (1973), at 0:40 mark, https://www.youtube.com/watch?v=1cM0WSB88u0.
- Earth, Wind & Fire – Let's Groove (1981) at 0:34 mark, https://www.youtube.com/watch?v=Lrle0x_DHBM.
- U2 – Zoo Station (1991), at 2:48 mark, https://www.youtube.com/watch?v=tkoEGVAHpZg.

[39] Rec. Doc. 36, at 7, (SAC, ¶ 19).

*DJ Jimi*, which included the track "Bitches Reply."[40] That registration, made within five years of the original publication of the work, carries with it a presumption of the validity of the copyright and of the facts stated in the registration. 17 U.S.C. § 410(c); *see Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (a "certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright").

Nearly twenty years later, Plaintiffs filed the Alleged Registration for "Bitches Reply," which they now rely on in this litigation, asserting that they created the music, lyrics, and sound recording.[41] But because the Alleged Registration of "Bitches Reply" was filed more than five years after the work's publication, it is not entitled to a presumption of validity. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *Windsor v. Olson*, 2019 WL 2080021, at *6 (N.D. Tex. May 10, 2019) ("because the copyright registration for this work shows that it was not timely procured pursuant to 17 U.S.C. § 410(c), [it] is not entitled to a *prima facie* finding of validity"). Accordingly, Plaintiffs' untimely Alleged Registration cannot support their copyright infringement claim, and the Court should dismiss the SAC for that reason alone.

Although the SAC alleges that Plaintiffs did not transfer or assign any of their rights to "Bitches Reply" to SOH,[42] the fact remains that SOH registered its copyright in 1992 shortly after "Bitches Reply" was released, while Plaintiffs waited almost 20 years before filing for the Alleged Registration. It is SOH's registration, not Plaintiffs' Alleged Registration, that "is *prima facie*

[40] *See* Rec. Doc. 38-3 (SOH Distributers Network's Copyright Registration for the *It's Jimi / DJ Jimi* Album, SR0000148207.

[41] *See* Rec. Doc. 38-2 (Alleged Registration).

[42] Rec. Doc. 36, at 7 (SAC, ¶ 19).



PD.60336582.5

evidence both that [the] copyright is valid and that the registrant"—SOH—"owns the copyright," not Plaintiffs. 17 U.S.C. § 410(c); *Lee*, 379 F.3d at 141.

Notably, in another lawsuit filed in this District against Plaintiffs by Malaco, Inc., Malaco, Inc. refers to this action, alleging that Norman and Ordogne are not the owners of the publishing rights and sound recording rights for "Bitches Reply." *See Malaco, Inc. v. Norman, et al.* ("*Malaco Suit*"), No. 25-266, Rec. Doc. 18, at 18–19 (SAC, ¶¶ 54–55). Critically, Malaco also identifies a 1994 suit Norman and Ordogne filed where they allegedly judicially admitted "that they were producers—not authors or owners"—of any rights in Bitches Reply). *Malaco Suit*, Rec. Doc. 18, at 6, 14–15, 19 (SAC, ¶¶ 20 & n.4, 43, 56). The Court can take judicial notice of the Plaintiffs' admission in those cases as part of the public record. *See Meyers*, 540 F. App'x at 409.

### C. Defendants' alleged use of a third-party vendor to attempt to obtain a license from Plaintiffs does not revive Plaintiffs' assertion of copyright ownership.

The SAC's allegation that Defendants' "sample-clearance vendor" contacted Plaintiffs about obtaining a license does not turn Plaintiffs into copyright owners.[43] And Defendants are not precluded from challenging Plaintiffs' alleged copyright ownership because of alleged discussions about a license to use "Bitches Reply." Plaintiffs appear to make an estoppel argument, but even an actual licensee is not estopped from challenging the validity of a copyright. Therefore, a prospective licensee certainly is not estopped from challenging the validity of a copyright because they merely considered obtaining a license.

In *Melchizedek v. Holt*, the court held that a copyright licensee is not estopped from challenging the validity of a copyright it had licensed. 792 F. Supp. 2d 1042, 1055–56 (D. Ariz. 2011). Similarly, in *Twin Books Corp. v. Walt Disney Co.*, the court held that a copyright licensee accused of infringement was not estopped from challenging the copyright's validity. 877 F. Supp.

[43] Rec. Doc. 36, at 12 (SAC, ¶ 28).

496, 500 (N.D. Cal. 1995), *rev'd on other grounds*, 83 F.3d 1162 (9th Cir. 1996); *see also FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, 2008 WL 162756, at *3 (N.D. Ill. Jan. 14, 2008) (licensee is not estopped from challenging validity of license).

Defendants thus are not precluded from challenging Plaintiffs' copyright ownership based on allegations of Defendants' alleged discussions with a third-party vendor about a license.

**II. The Complaint fails to state a claim because it fails to allege substantial similarity.**

It is readily apparent upon listening to the works at issue that Plaintiffs cannot show substantial similarity between the protectable elements of "Bitches Reply" and "Til Further Notice" or "Stargazing." As the Fifth Circuit has explained, a plaintiff establishes actionable copyright infringement "by showing 'that the allegedly infringing work is substantially similar to protectable elements of the infringed work.'" *Batiste*, 976 F.3d at 502 (citation omitted). Determining copyright infringement requires "a side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

The premise of Plaintiffs' similarity claim is that all three works allegedly contain the word "alright" repeated variously three times, five times, or ten times.[44] But a side-by-side comparison of "Bitches Reply" to "Til Further Notice" and "Stargazing" shows as an initial matter that the SAC makes the wrong comparison. "Bitches Reply" begins with DJ Jimi shouting "alright" ten times, while "Til Further Notice" and "Stargazing" contain the single word "alright" and three-word phrase "alright, alright, alright." None of the works at issue repeat "alright" five times.

A side-by-side comparison further demonstrates that "alright," while appearing in all three songs, is not used in a substantially similar manner in the songs. In "Bitches Reply," for example,

[44] Rec. Doc. 36, at 11, 14–15, 17 (SAC, ¶¶ 26, 38 ("Alright . . . Alright . . . Alright . . . Alright . . . Alright"), ¶ 50 ("Alright, Alright, Alright")).

"alright" is rapped loudly and quickly, ten times in succession, to start an upbeat, fast-paced, two-minute-long rap song with extremely repetitive (and vulgar) lyrics, sung in a falsetto-like voice with videogame-like music.[45] The word "alright" is never again heard in the song.

In sharp contrast, the word "alright" is sung in "Til Further Notice" almost inaudibly and in the background. It can be heard several times, cut up into smaller sets and spaced out throughout the slow-paced five-minute-long song. In "Stargazing" the three-word phrase "alright, alright, alright"—a three-piece set that is never used in "Bitches Reply"—appears three times in one verse and then again as background vocals over three minutes into the song.[46] In neither "Til Further Notice" or "Stargazing" does "alright" start the work, nor is it loudly shouted as it is in "Bitches Reply."

In sum, a side-by-side comparison of "Bitches Reply" to "Til Further Notice" and "Stargazing" demonstrates little similarity, much less the requisite substantial similarity for a copyright infringement claim. Because the SAC fails to plausibly allege facts demonstrating substantial similarity, it fails to state a claim and should be dismissed with prejudice.

### III. Plaintiffs cannot recover statutory damages and attorneys' fees because the alleged infringement commenced before Plaintiffs' Alleged Registration of "Bitches Reply."

The SAC seeks to recover statutory damages[47] and attorney's fees[48] under the Copyright Act. But Plaintiffs cannot recover statutory damages or attorney's fees for infringements that commenced *before* Plaintiffs registered "Bitches Reply" with the Copyright Office. Plaintiffs registered "Bitches Reply" in 2020, over a year after the 2018 release of "Stargazing."[49] Plaintiffs are therefore barred from recovering statutory damages and attorney's fees for Defendants' alleged

---

[45] *See* Rec. Doc. 38-4 ("Bitches Reply" audio file).

[46] *Compare* Rec. Doc. 38-4 ("Bitches Reply" audio file), *with* Rec. Doc. 38-5 ("Stargazing" audio file), *and with* Rec. Doc. 38-6 ("Til Further Notice" audio file).

[47] Rec. Doc. 36, at 15–16, 17–19 (SAC, ¶¶ 39, 44, 51, 55, and Prayer).

[48] Rec. Doc. 36, at 16, 18, 19 (SAC, ¶¶ 45, 56, and Prayer).

[49] *See* Rec. Doc. 38-2 (Alleged Registration).

infringement of "Bitches Reply" in "Stargazing." Likewise, Plaintiffs cannot recover statutory damages or attorney's fees for "Til Further Notice" because Defendants' alleged infringement of "Bitches Reply" commenced with "Stargazing," in 2018.

### A. The alleged infringement by "Stargazing" commenced before Plaintiffs' copyright registration of "Bitches Reply."

Plaintiffs cannot recover statutory damages or attorney's fees for the alleged infringement of "Bitches Reply" because that alleged infringement commenced after the publication of "Bitches Reply" but before the effective date of Plaintiffs' Alleged Registration of "Bitches Reply."

Section 412 of the Copyright Act provides, in pertinent part: "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *see also Mason v. Montgomery Data*, *Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (holding "Congress' intent" in passing § 412 was for statutory damages to "be denied not only for the particular infringement that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration"). Statutory damages, and perhaps "more importantly, attorney's fees," are not available "for 'any infringement' a defendant commences before the plaintiff registered the copyright." *S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780, 782 (5th Cir. 2020). This rule "encourages authors to register their works quickly, allowing potential infringers to readily determine whether a work is protected." *Id*. at 782.

According to the SAC, Plaintiffs first published “Bitches Reply” in 1992.[50] But Plaintiffs registered their copyright effective January 31, 2020, almost thirty years later.[51] The SAC also alleges that Defendants first released and distributed “Stargazing” on August 3, 2018, years after the 1992 publication of “Bitches Reply” and long *before* the January 31, 2020 effective date of the “Bitches Reply” Alleged Registration.[52]

Because “Stargazing” allegedly commenced infringement of “Bitches Reply” before Plaintiffs allegedly registered their copyright in “Bitches Reply,” Plaintiffs cannot be awarded statutory damages or attorney’s fees for Defendants’ alleged infringement in “Stargazing.” *Mason*, 967 F.2d at 144. Plaintiffs cannot recover statutory damages or attorneys’ fees for “Stargazing” even if some of Defendants’ alleged infringements of “Bitches Reply” in “Stargazing” occurred after the effective registration date of “Bitches Reply.” *Id.* (“a plaintiff may not recover an award of statutory damages and attorney’s fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration”).

**B. The alleged infringement by “Til Further Notice” commenced with the alleged infringement by “Stargazing,” before Plaintiffs’ copyright registration of “Bitches Reply.”**

The Copyright Act’s bar on recovering statutory damages and attorneys’ fees for the alleged infringement of “Bitches Reply” applies with the same effect to “Til Further Notice” as it does to “Stargazing.” Plaintiffs cannot recover statutory damages or attorneys’ fees for “Til Further Notice” because Defendants’ alleged infringement of “Bitches Reply” commenced with “Stargazing,” before the effective date of Plaintiffs’ alleged copyright registration in “Bitches Reply.” The statutory prohibition against recovery of statutory damages and attorneys’ fees

[50] Rec. Doc. 36, at 7 (SAC, ¶ 19).
[51] *See* Rec. Doc. 38-2 (Alleged Registration).
[52] Rec. Doc. 36, at 12 (SAC, ¶ 29).

applies even if the post-registration infringement in "Til Further Notice" is "different in kind" from the pre-registration infringement in "Stargazing."

The Fifth Circuit has held "that a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration." *Mason*, 967 F.2d at 144. Applying *Mason* more recently, the Fifth Circuit held that statutory damages and attorneys' fees are barred for post-registration infringements by the same defendant even if the post-registration infringements arguably are "different in kind" from the pre-registration infringements. *S. Credentialing*, 946 F.3d at 786. "Any other conclusion would be inconsistent with the Copyright Act, which does not distinguish between 'different' infringements." *Id.*

In passing the Copyright Act, "Congress prohibited statutory damages when '***any infringement***' precedes registration." *Id.* at 787 (emphasis added). Thus, "even when the infringements are 'different in kind,'" this prohibition applies because it "promotes the incentive for early registration" intended by Congress. *Id.*; *see also Trent P. Fisher Enters., LLC v. SAS Automation, LLC*, 2021 WL 1209637, at *9 (S.D. Ohio Mar. 31, 2021) (bar on awarding heightened [statutory] damages applies even if the sole defendant, after registration, engaged in a different type of infringement from its pre-registration conduct") (citation modified).

Plaintiffs cannot obtain statutory damages or attorney's fees for post-registration infringement here because Defendants' alleged infringement of the same work—"Bitches Reply"—commenced *pre*-registration, even though the two allegedly infringing works are "different." Applying Fifth Circuit precedent, *Irwin v. ZDF Enterprises GmbH* explained this scenario. 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006). A music composer sued the defendants for copyright infringement over the alleged inclusion of an excerpt of his music in a television

documentary. The plaintiff alleged the defendants distributed the documentary several times beginning in 2001, that he registered the copyright in the musical composition in March 2004, and that in 2005, the defendants aired a new program that also infringed plaintiff's copyrighted work. Because the 2005 program was a *post*-registration infringement, the plaintiff maintained he was entitled to statutory damages and attorneys' fees under the Copyright Act. But the court held that, under the Fifth Circuit's decision in *Mason*, statutory damages and attorney's fees were "unavailable where one of the alleged infringements of the protected work had begun prior to registration," even though the later infringement aired after the plaintiff's registration. *Id.* at *6.

The Court in *May v. Sony Music Entertainment* came to the same conclusion. 399 F. Supp. 3d 169 (S.D.N.Y. 2019). In *May*, the plaintiff alleged the defendants' song copied lyrics from a copyrighted song. The defendants released their sound recording before the plaintiff obtained a copyright registration in its song and filed a motion to dismiss the plaintiff's claims for statutory damages and attorney's fees. The court dismissed the case and rejected a request for discovery into whether any alleged infringements also occurred post-registration. *Id.* at 174. Notwithstanding the plaintiff's allegation that the defendants' infringements continued in different ways post-registration, the court noted that because the "first alleged infringement occurred in 2013—four years before plaintiff registered the work in question—application of the bright-line rule precluding the award of statutory damages and attorneys fees is appropriate in this case." *Id.*

The Court likewise should dismiss Plaintiffs' claim for statutory damages and attorney's fees for Defendants' alleged infringement of "Bitches Reply" in "Til Further Notice" because Defendants' initial alleged infringement (in "Stargazing") pre-dated Plaintiffs' Alleged Registration of "Bitches Reply."

**IV. Plaintiffs cannot recover both actual and statutory damages on their claims.**

Plaintiffs' assertion that they are entitled to both actual damages *and* statutory damages under the Copyright Act is erroneous.[53] The Copyright Act makes clear that a copyright owner may recover either actual damages and profits *or* statutory damages. *See* 17 U.S.C. § 504(a)(1)–(2); 17 U.S.C. § 504(c)(1) ("the copyright owner may elect . . . to recover, *instead of* actual damages and profits, an award of statutory damages") (emphasis added). Simply put, there is no basis for Plaintiff to assert entitlement to *both* forms of damages.

Courts consistently hold that a copyright plaintiff must elect between actual damages and statutory damages and cannot recover both for the same act of infringement. In *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, for example, the Supreme Court recognized that a plaintiff is required to choose between these two remedies.[54] 344 U.S. 228 (1952). Similarly, in *Estate of Vane v. Fair, Inc.*, 849 F.2d 186, 187 (5th Cir. 1988), and *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 237 (5th Cir. 1988), the Fifth Circuit held that, under 17 U.S.C. § 504(a), a plaintiff's recovery is limited to either actual damages and any additional profits of the infringer *or* statutory damages, but not both. This rule prevents duplicative recoveries.

Plaintiffs' attempt to seek dual forms of recovery for each act of alleged infringement is contrary to established law and should be dismissed.

**V. Plaintiffs' claim as to "Stargazing" is time-barred.**

The statute of limitations for copyright infringement claims is three years. 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). "Stargazing" was released on August 3,

[53] *See* Rec. Doc. 36, at 1, 15, 17, 19 (SAC, ¶¶ 1, 39, 51, and Prayer).

[54] Although *F.W. Woolworth* was decided under the 1909 Copyright Act, its principles have been carried forward and are consistent with the provisions of Section 504 of the current Copyright Act of 1976.

2018.[55] Plaintiffs filed their Original Complaint on July 28, 2023, almost five years after "Stargazing" was released. Plaintiffs' claim as to "Stargazing" is therefore time-barred.

It is still an open question[56] whether a copyright claim's accrual occurs at the time of infringement or, under the discovery rule, when the plaintiff knew or should have known of the injury.[57] Nevertheless, even where courts have applied the discovery doctrine, it is incumbent upon the plaintiff "to come forward and demonstrate that for some equitable reason the statute [of limitations] should be tolled in his case." *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971). Thus, dismissal is proper under Rule 12(b)(6) based on a statute of limitations "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

It is evident from the face of the SAC that Plaintiffs' copyright claim based on "Stargazing" is time-barred, and the SAC fails to raise any basis for tolling the statute of limitations. Therefore, Plaintiffs' claim as to "Stargazing" must be dismissed under 17 U.S.C. § 507(b). *Johnson v. Rated Music*, 1995 WL 33094, at *1 (E.D. La. Jan. 25, 1995) (dismissing infringement claim as time-barred under § 507(b)); *Busti v. Platinum Studios, Inc.*, 2012 WL 12883285, at *3 (W.D. Tex. May 22, 2012) (dismissing infringement claim because time-bar was apparent from complaint).

Plaintiffs' claim for copyright infringement against "Stargazing" accrued in 2018 when the work was released on *Astroworld*. Defendants' release of "Stargazing" was "not covert or concealed," and so the alleged infringement claim should be dismissed. *See Daboub v. Gibbons*,

---

[55] Rec. Doc. 36, at 9 (SAC, ¶ 21).

[56] The applicability of the discovery rule to copyright claims is in doubt. The Supreme Court recently questioned whether the discovery rule applies to copyright infringement claims. In *Warner Chappell Music, Inc. v. Nealy*, the Court "assume[d] without deciding" that the discovery rule applied, but stating it had "never decided . . . whether a copyright claim accrues when a plaintiff discovers or should have discovered an infringement, rather than when the infringement happened." 601 U.S. 366, 368, 371 (2024).

[57] *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 233 (5th Cir. 2023) (discussing *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014)).

42 F.3d 285, 291 (5th Cir. 1995). The SAC does not allege that Plaintiffs discovered the alleged infringement in "Stargazing" within the three years before Plaintiffs filed suit. Plaintiffs also have not alleged any reason why they would not have known about the alleged infringement upon the release of "Stargazing," which occurred more than three years before Plaintiffs filed their Original Complaint. Plaintiffs have not alleged any basis for tolling the statute of limitations.

Nor does the continued exploitation of "Stargazing" extend the statute of limitations for Plaintiffs' claims in this District, as the Fifth Circuit soundly rejected that argument in *Daboub*. The plaintiff claimed there "that each time [defendant] sold an album containing *Thunderbird*, or performed the song, and every time the song was broadcast, [defendant] took another step in its tortious behavior." *Id.* at 290. The plaintiff, according to the Fifth Circuit, mistook a "continuing damages" theory as a "continuing tort." *Id.* at 192. While *damages* might increase each time the defendant sells a single, the tort itself "was committed when [defendant] copyrighted the song." *Id.* As the Fifth Circuit put it, "[i]f the continuing tort theory were applied to cases involving musical recordings, then the statute of limitations would never apply to these cases." *Id.*

Accordingly, the statute of limitations has extinguished Plaintiffs' claims against "Stargazing," and the Court should dismiss Plaintiffs' claims as to "Stargazing."

## VI. Plaintiffs are not entitled to injunctive relief.

The SAC seeks injunctive relief.[58] However, injunctive relief under the Copyright Act is merely another remedy available for copyright infringement.[59] Because Plaintiffs have failed to state a claim upon which relief can be granted, Plaintiffs are not entitled to injunctive relief, just as they are not entitled to any other relief for alleged copyright infringement.

[58] Rec. Doc. 36, at 1, 16, 18–19 (SAC, ¶¶ 1, 43, 57, and Prayer).

[59] *See, e.g.*, 17 U.S.C. § 502 ("Remedies for infringement: Injunctions"); 17 U.S.C. § 504 ("Remedies for infringement: Damages and profits").

## VII. The SAC fails to state claims for contributory or vicarious copyright infringement.

The SAC's bare and conclusory assertions of contributory and vicarious copyright infringement fall far short of the factual specificity required to state a viable claim. "One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citation omitted). The conclusory and boilerplate allegations of contributory and vicarious copyright infringement in the SAC fail to state a claim upon which relief can be granted.[60]

The SAC fails to allege which Defendants intentionally induced or encouraged which unnamed "others" to infringe copyrights or how these unidentified Defendants allegedly induced or encouraged the unnamed "others" allegedly to infringe copyrights.[61] Nor does the SAC identify which Defendants allegedly profited from which unnamed "other" infringers' alleged direct infringement or how any Defendants allegedly declined to exercise a right to stop or limit it.[62]

Plaintiffs' fact-free conclusory allegations of contributory and vicarious copyright infringement woefully fail to meet the *Twombly*/*Iqbal* standard of pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, Plaintiffs' direct infringement claim fails because Plaintiffs have failed to state a claim upon which relief can be granted. And because there is no direct infringement, there can be no vicarious or contributory infringement.

---

[60] Rec. Doc. 36, at 15, 18 (SAC, ¶¶ 41, 53 (contributory infringement); ¶¶ 40, 52 (vicarious infringement)).
[61] Rec. Doc. 36, at 15, 18 (SAC, ¶¶ 41, 53).
[62] Rec. Doc. 36, at 15, 18 (SAC, ¶¶ 40, 52 (vicarious infringement)).

## CONCLUSION

The Court should dismiss the SAC for failure to state a claim because: (1) the word "alright" and short phrases repeating "alright" are not copyrightable, because they lack originality; (2) Plaintiffs fail to show ownership of a valid copyright; and (3) the SAC fails to allege facts to plausibly show substantial similarity, a required element of a copyright claim.

In the alternative, the Court (1) should dismiss Plaintiffs' claims for statutory damages or attorneys' fees under the Copyright Act, or order that Plaintiffs cannot recover both actual and statutory damages, and (2) should dismiss Plaintiffs' claims against Defendants' song "Stargazing" because it is time-barred by the statute of limitations for copyright infringement claims.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *_/s/ Ashley J. Heilprin_______*
Ashley J. Heilprin (La. Bar #34928)
Mary Ellen Roy (La. Bar #14388)
Patrick M. Judd (La. Bar #40415)
365 Canal Street | Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
Email: ashley.heilprin@phelps.com
roym@phelps.com
patrick.judd@phelps.com

Edwin F. McPherson (Admitted *pro hac vice*)
McPHERSON LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: (310) 553-8833
Facsimile: (310) 553-9233

**ATTORNEYS FOR DEFENDANTS SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, and JACQUES WEBSTER, II, professionally known as TRAVIS SCOTT**